
## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JAMES J. HARDING, DDS<br>SSN: XXX-XX-2825<br><br>Debtor(s). | Case No. 10-33210 SBB<br>Chapter 7 |
| DEBBIE BONIDY,<br>Plaintiffs,<br>v.<br>JAMES J. HARDING, DDS           Defendant. | Adversary Proceeding No. |

### COMPLAINT OBJECTING TO DISCHARGE OF INDEBTEDNESS

Plaintiff, Debbie Bonidy, by her counsel, John A. Berman and Sander N. Karp and Anna S. Itenberg of Karp Neu Hanlon, sets forth her Complaint Objecting to the Discharge of Indebtedness as follows:

### PRELIMINARY ALLEGATIONS

1. This adversary proceeding is brought pursuant to Bankruptcy Rules 4007 and 7001 *et seq.* and to §523 of Title 11, United States Code.

2. Jurisdiction of this Court is based upon 28 U.S.C. §1334(b) in that it arises under Title 11, United States Code. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(I). This proceeding relates to a Chapter 7 bankruptcy proceeding presently pending in the United States Bankruptcy Court for the District of Colorado captioned In re: James J. Harding, DDS and is identified as Case No. 10-33210 SBB.

3. Defendant James J. Harding, D.D.S. ("Dr. Harding") is a licensed dentist in the State of Colorado and was the sole owner of Vail Valley Center for Aesthetic Dentistry ("the practice") a general dentistry practice located in Avon, Colorado. Dr. Harding opened the practice in October, 1998 and converted the entity to a professional corporation in February, 2000.

4. Ms. Bonidy was hired at the time the practice was opened and thereafter worked full time as a dental assistant and office manager until her termination on August 10, 2004. Her duties included preparing treatment rooms, preparing instruments and compounds for use by Dr. Harding, assisting Dr. Harding in procedures including conveying sharp instruments and performing administrative functions.

5.      Ms. Bonidy's position and job duties were such that they could implicate public safety and health concerns if she was denied a certain number and frequency of breaks during her work day. Approximately one year after the commencement of her employment Dr. Harding changed her work schedule to deny Ms. Bonidy lunch and rest breaks.

6.      On July 24, 2004 Dr. Harding advised Ms. Bonidy of a further restriction: in addition to no scheduled lunch or rest breaks, employees such as Ms. Bonidy could no longer leave the office during the day for any reason other than to use the bathroom down the hall.

7.      Shortly thereafter, Ms. Bonidy caused an email to be send to Dr. Harding regarding Colorado Minimum Wage Order and its provisions concerning mandatory breaks during the work day and specifically Order No. 22 §7 which requires a thirty (30) minute duty free meal break.

8.      Dr. Harding received the e-mail on or about August 10, 2004, read the same and immediately thereafter terminated the employment of Ms. Bonidy. For the remaining employees, Dr. Harding did institute a new schedule allowing for daily lunch breaks.

9.      Believing her termination to be wrongful, Ms. Bonidy obtained legal counsel who sent Dr. Harding a demand letter. Dr. Harding vindictively responded by complaining to local law enforcement that Ms. Bonidy was a thief.

10.     Ms. Bonidy thereafter initiated a lawsuit against Dr. Harding in Eagle County District Court encaptioned ***Debbie Bonidy v. Vail Valley Center For Aesthetic Dentistry and James J. Harding, DDS*** and numbered Civil Action 2004 CV 565. The case proceeded to trial with full participation of Ms. Bonidy and Dr. Harding on the claim of wrongful discharge in violation of public policy with relief requested in the nature of compensatory and exemplary damages.

11.     A jury trial was held in July, 2006 in which the trial court granted Dr. Harding's motion for directed verdict despite the court's finding that Dr. Harding had violated the state administrative regulations concerning rest and lunch breaks. The rationale was that there was no private cause of action under the circumstances. The ruling was appealed by Ms. Bonidy.

12.     The Colorado Court of Appeals reversed the trial court and reinstated Ms. Bonidy's claim for wrongful termination in violation of public policy and also reinstated her exemplary damages claim. ***See*** Exhibit 1.

13.     The second trial occurred on January 15 and 16, 2009. The trial court issued findings of fact, conclusions of law and order, a copy of which is appended as Exhibit 2. In brief, the trial court determined that Ms. Bonidy satisfied the elements of her claim for wrongful discharge in violation of public policy and awarded her compensatory damages. It did not award her exemplary damages.

14. The case was again appealed and the Colorado Court of Appeals reversed both the measurement of the compensatory damages and the denial of exemplary damages. As to the former it required that back pay should be awarded from the date of termination to the date of trial minus a small adjustment for monies earned. As to the latter error the appellate court noted the findings that Dr. Harding had engaged in "retaliatory and vindictive conduct". The failure to award exemplary damage was inconsistent with the findings. The trial court was ordered to either award exemplary damages or amend its determination of the nature of Dr. Harding's conduct. *See Bonidy v. Vail Valley Center for Aesthetic Dentistry*, 232 P.3d 277 (Colo. App. 2010), a copy of which is appended as Exhibit 3.

15. On September 2, 2010, the trial court issued its amended order and judgment, a copy of which is appended as Exhibit 4. The trial court awarded back pay of $109,672 in addition to $3,120 unpaid health insurance reimbursement and vacation pay. The trial court also concluded Ms. Bonidy was entitled to an award of exemplary damages in the amount of $10,000.

16. On September 13, 2010, Dr. Harding filed his chapter 7 bankruptcy.

## FIRST CLAIM FOR RELIEF
## 11 U.S.C. §523(a)(6)

17. Ms. Bonidy repeats the allegations set forth in paragraphs 1 through 16 above.

18. A claim for wrongful discharge in violation of public policy is non-dischargeable pursuant to 11 U.S.C. §523(a)(6) as a willful and malicious injury by the debtor. *See Ford-Torres v. O'Shea*, 2010 Bankr. LEXIS 2362 (Bkry.D.Ore 2010) (termination of employment in retaliation for efforts to complain of violations of state or federal law by an employee).

19. Alternatively, a determination of exemplary damages requires proof beyond a reasonable doubt of an underlying certain injury which is attended by circumstances of intent to commit wrongful conduct.

20. The trial court determined that exemplary damages were appropriate for the conduct of Dr. Harding's wrongful discharge of Ms. Bonidy in violation of public policy.

21. The compensatory and exemplary damage awards of the litigation are non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Ms. Bonidy requests a judgment that the debt owing to her by Dr. Harding as reflected in the state court's order of September 2, 2010 is non-dischargeable pursuant to 11 U.S.C. §523(a)(6) together with her costs and such other relief as the court deems proper.

Respectfully submitted this 4th day of Nov., 2010.

*/s/ John A. Berman*

John A. Berman, Reg. No. 6695
1660 Lincoln Street, Suite 1750
Denver, Colorado 80364-1701
(303) 832-7645 phone
(303) 832-1188 fax
jab@jaberman.com email

KARP NEU HALON

*/s/ Anna Itenberg*

Sander N. Karp, Reg. No. 1088
Anna Itenberg, Reg. No. 31334
201 14th St., Ste 200
PO Drawer 2030
Glenwood Springs, CO 81601
(970) 945-2261 phone
(970) 945-7336 fax
snk@mountainlawfirm.com email

**Plaintiffs' Address:**
c/o Karp Neu Halon
PO Drawer 2030
Glenwood Springs, CO 81601

-4-